UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE REGULUS THERAPEUTICS INC. SECURITIES LITIGATION

Case No.: 3:17-cv-0182-BTM-RBB

**ORDER DENYING WITHOUT PREJUDICE PRELIMINARY APPROVAL OF SETTLEMENT**

**[ECF No. 38]**

Before the Court is Plaintiffs' unopposed Motion for an Order Granting Preliminary Approval of Class Action Settlement and Directing Dissemination of Notice to the Class. (ECF No. 38.) Therein, Plaintiffs represent that they have, on behalf of themselves and other potential class members, reached a tentative settlement with Defendants, as set forth in their Stipulation of Settlement dated December 11, 2019 (the "Stipulation"). (*Id*.; *see also* ECF No. 38-2 (the Stipulation).) By way of their instant motion, Plaintiffs seek an order: (1) granting preliminary approval of the parties' proposed settlement; (2) provisionally certifying the settlement class; and (3) directing dissemination of notice to such settlement class. (ECF No. 38.)

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of . . . a class proposed to be certified for purposes of settlement . . . may

be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "[I]n the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the [class] certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952–53 (9th Cir. 2003). Having thoroughly reviewed Plaintiffs' instant motion, the Stipulation, and the exhibits thereto, the Court denies without prejudice Plaintiffs' request for preliminary approval of the parties' settlement as it presently exists based upon the unfairness of the release of claims provision contained within the Stipulation and deficiencies within the proposed notice to potential settlement class members.

Here, the parties' proposed settlement includes, *inter alia*, a release of claims held by Plaintiffs and the other settlement class members against Defendants. (ECF No. 38-2, at 6, 10-15, 20-21.) The phrasing of the relevant release provision, Section 4.2 of the Stipulation, which spans approximately 16 lines and incorporates multiple defined terms (which themselves each span multiple lines and incorporate additional defined terms), is convoluted and its breadth is ambiguous. (*Id.*) As a result, it is difficult for this Court, let alone potential settlement class members, to determine what claims would in fact be released by that provision's operation. As presently drafted, the release provision could be reasonably interpreted to release claims outside of those that were – or reasonably could have been – brought in the instant securities regulation litigation. Further, Plaintiff's briefing and proposed notice to potential class members are of no assistance in dispelling these ambiguities, as they contain no meaningful attempts to distill or delineate the breadth or effect of such release provision. Rather, the Plaintiffs' briefing and the proposed notice simply regurgitates the defined terms set forth in the parties' agreement without elaboration or clarification. (*See* ECF No. 38-1, at 13-14; ECF No. 38-2, at 55, 57-59, 77-78.) The Court will not approve a settlement that contains such a conspicuous ambiguity, particularly where it pertains to a

1 settlement term as predominant as a release of claims, nor will it approve a
2 settlement that purports to release claims outside of those that were brought and
3 could have been brought in the instant action. Moreover, the Court will require that
4 any notice to the proposed settlement class members clearly state the breadth and
5 effect of any relevant release provisions in clear and concise language that would
6 be easily comprehensible to a layperson.

7 In addition, the Court has identified several other deficiencies with regards
8 to the proposed notice to the members of the proposed settlement class. (*See*
9 ECF No. 38-2, at 50-63, 77-80.) Because this is a securities action, the proposed
10 notice must satisfy the requirements of both Federal Rule of Civil Procedure
11 23(c)(2)(B) and 15 U.S.C § 78u-4(a)(7). Here, the parties propose that, in addition
12 to giving notice directly to the members of the potential settlement class via U.S.
13 mail (the "Direct Notice"), they intend to publish a "summary notice" in a "national
14 business newswire" and on a website operated by the proposed claims
15 administrator (the "Summary Notice"). (ECF No. 38-2 at 27-28; *see also id.* at 50-
16 63 (the Direct Notice); *id.* at 77-80 (the Summary Notice).)

17 The Direct Notice is deficient in that it fails to "clearly and concisely state in
18 plain, easily understood language . . . that a class member may enter an
19 appearance [in this action] through an attorney if the member so desires[.]" *See*
20 Fed. R. Civ. P. 23(c)(2)(B)(iv). The Direct Notice is also deficient in that it fails to
21 include, in both its body text and upon its cover page: (i) "a statement concerning
22 the average amount of damages per share that would be recoverable if the plaintiff
23 prevailed on each claim alleged" under the Securities Exchange Act of 1934 (the
24 "Act"); (ii) a good-faith estimate of the costs and expenses (including lost wages)
25 directly relating to the representation of the class for which the class
26 representatives intend to apply to the Court for an award from the settlement funds
27 ///
28 ///

(including the amount of such costs and expenses determined on an average per share basis), along with a brief explanation supporting the costs and expenses sought; and (iii) the telephone number of one or more representatives of Lead Counsel for the plaintiffs.[1]  *See* 15 U.S.C. § 78u-4(a)(7)(B) – (D).

The Summary Notice is deficient in that it fails to state: (i) "the class claims, issues, or defenses"; (ii) "that a class member may enter an appearance [in this action] through an attorney if the member so desires"; and (iii) the "manner for requesting exclusion" from the class.  *See* Fed. R. Civ. P. 23(c)(2)(B)(iii), (iv), & (vi).  The Summary Notice is also deficient in that it fails to include: (i) "[t]he amount of the settlement proposed to be distributed to the parties to the action . . . on an average per share basis"; (ii) "the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged" under the Act, including Defendants' disagreement with such amount and reasoning therefore; (iii) a good-faith estimate of the attorney's fees and costs for which Lead Counsel intend to apply to the Court for an award from the settlement funds (including the amount of such fees and costs determined on an average per share basis), along with a brief explanation supporting the fees and costs sought; (iv) a good-faith estimate of the costs and expenses (including lost wages) directly relating to the representation of the class for which the class representatives intend to apply to the Court for an award from the settlement funds (including the amount of such costs and expenses determined on an average per share basis), along with a brief explanation supporting the costs and expenses sought; and (v) the telephone

---

[1] The Court does not consider a claims administrator to be a representative of Lead Counsel that is "reasonably available to answer questions from class members concerning *any* matter contained in any notice of settlement published or otherwise disseminated to the class."  15 U.S.C. § 78u-4(a)(7)(D) (emphasis added).

number of one or more representatives of Lead Counsel for the plaintiffs.[2]  *See* 15 U.S.C. § 78u-4(a)(7)(A) – (E).  Further, the Court will require that the Summary Notice (and any other notice to the proposed settlement class members) contain the claims administrator's toll-free telephone number and website address to facilitate efficient communication between class members and the claims administrator.  *See* 15 U.S.C. § 78u-4(a)(7)(F).

Based upon the foregoing, Plaintiffs' Motion for an Order Granting Preliminary Approval of Class Action Settlement and Directing Dissemination of Notice to the Class (ECF No. 38) is **DENIED WITHOUT PREJUDICE**.[3]

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[2] The Summary Notice also contains an incorrect case number in its case caption. (*See* ECF No. 38-2, at 77.)

[3] The Court reminds the parties of their obligations to provide notice to the appropriate federal and state officials under 28 U.S.C. § 1715, upon which this Court's authority to grant final approval is conditioned.  *See* 28 U.S.C. § 1715(d).