# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE REGULUS THERAPEUTICS INC. SECURITIES LITIGATION | Case No. 3:17-cv-00182-BTM-RBB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

WHEREAS, a consolidated securities class action is pending before the Court entitled *In Re Regulus Therapeutics Inc. Securities Litigation*, No. 3:17-CV-00182-BTM-RBB (S.D. Cal.);

WHEREAS, Plaintiffs have filed an unopposed motion pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Amended Stipulation of Settlement dated as of February 6, 2020 (ECF No. 40-2) (the "Stipulation") which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for the purposes of the proposed Settlement, the Court preliminarily certifies the following Settlement Class:

**All persons or entities who purchased or otherwise acquired shares of the publicly traded common stock of Regulus between February 17, 2016 and June 11, 2017, inclusive (the "Class Period"), who allege to have been damaged thereby.**

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of Defendants; (iii) any person who is or was an officer or

director of Regulus during or after the Class Period; (iv) any entity in which any of the Defendants had or has a controlling interest; and (v) any legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party in their capacity as such.  Also excluded from the Settlement Class is any Person who validly requests exclusion pursuant to the requirements set forth in the Notice.

    4.    For purposes of the Settlement only, this Court preliminarily finds and concludes that the Settlement Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the Settlement Class members.  For purposes of the Settlement only, the Court finds and concludes that (a) the Persons who are part of the Settlement Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of those of the Settlement Class; (d) in negotiating and entering into the Stipulation, Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Persons who are part of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Persons who are part of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

    5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, Lead Plaintiffs Mark Appel and Michael Spitters

are appointed as class representative and Lead Counsel Levi & Korsinsky, LLP is appointed class counsel.

6. The Court finds that: (a) the Stipulation resulted from good faith, arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class members to warrant providing notice of the Settlement to Settlement Class members and holding a Final Approval Hearing.

7. If the Stipulation is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms set forth in the Stipulation, this conditional certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

8. **A Final Approval Hearing shall be held before this Court on Wednesday, October 21, 2020 at 10:30 a.m./p.m., at the United States District Court, Southern District of California, James M. Carter and Judith N. Keep Courthouse, 333 West Broadway, Courtroom 15B, 15th Floor, San Diego, California 92101**, for the following purposes: (i) to determine, for purposes of the Settlement only, whether the Court should grant final certification to the Settlement Class pursuant to Federal Rule of Civil Procedure 23; (ii) to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (iii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered herein; (iv) to rule upon the proposed Plan of Allocation; (v) to rule upon any Fee and Expense Application; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class members.

9. The Court approves, as to form and content, the Notice of Proposed Class Action Settlement (the "Notice") (annexed to the Stipulation as Exhibit A-1), the Proof of Claim and Release form (the "Proof of Claim") (annexed to the Stipulation as Exhibit A-2), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") (annexed to the Stipulation as Exhibit A-3), and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 9-10 of this Order meet the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

10. The Court appoints the firm of Analytics Consulting LLC as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than fourteen (14) days after entry of this Preliminary Approval Order, Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, respectively, to be mailed by first class mail to all Settlement Class members who can be identified with reasonable effort; and Lead Counsel shall cause the Summary Notice, substantially in the form annexed to the Stipulation as Exhibit A-3, to be published once in the national edition of *Investor's Business Daily* and on a website maintained by the Claims Administrator; and

(b) At least seven (7) days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. Nominees who purchased or acquired Regulus' common stock for beneficial owners who are Settlement Class members shall send the Notice and the Proof of Claim to such beneficial owners of Regulus' common stock within thirty (30) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a Settlement Class member. Nothing in this Order creates any duties, liabilities, obligations, responsibilities, or rights as between any nominee and any beneficial owner that do not already otherwise exist in contract or by law.

12. All Settlement Class members who do not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. Any potential Settlement Class member may request to be excluded from the Settlement Class. Such request for exclusion must be mailed in written form by first class mail to the address designated in the Notice for such exclusions, such that it is received no later than thirty-five (35) days prior to the Final Approval Hearing. Such requests shall clearly indicate the name, address, and telephone number of the Person seeking exclusion; the date(s), price(s), and number(s) of shares of all purchases, other acquisitions, and sales of Regulus common stock during the Settlement Class Period; and a statement that the sender requests to be excluded from the Settlement Class in *In Re Regulus Therapeutics, Inc. Securities Litigation,* No. 17-CV-00182-BTM-RBB (S.D. Cal.), and must be signed by such Person. A request for exclusion shall not be effective unless it provides the required

1  information and is made within the time stated above, or the request for exclusion is
2  otherwise accepted by the Court.

3      14.    Settlement Class members who wish to participate in the Settlement
4  Fund, in the event the Settlement is approved, shall complete and submit a Proof of
5  Claim in accordance with the instructions contained therein.  Unless the Court
6  orders otherwise, all Proof of Claim forms must be submitted no later than one
7  hundred ten (110) days from the date of this Preliminary Approval Order.  Any
8  Settlement Class member who does not submit a Proof of Claim within the time
9  provided for shall be barred from sharing in the distribution of the proceeds of the
10 Settlement Fund, unless otherwise determined by Lead Counsel or ordered by the
11 Court. Unless the Settlement Class member requests exclusion from the Settlement
12 as indicated above, a Settlement Class member who does not submit a Proof of
13 Claim form will in all other respects be subject to and bound by the provisions of
14 the Stipulation, the releases contained therein, and the Judgment.

15     15.    Any Settlement Class member may enter an appearance at the Final
16 Approval Hearing, individually or through counsel of their own choice, at their own
17 expense.  If they do not enter an appearance, Settlement Class members will be
18 represented by Lead Counsel.

19     16.    The Court will consider any Settlement Class member's objection to
20 the Settlement, the Plan of Allocation, and/or the application for an award of
21 attorneys' fees or expenses only if such Settlement Class member has (a) served by
22 hand or by mail his, her, or its written objection and supporting papers, such that
23 they are received on or before twenty-one (21) days prior to the Final Approval
24 Hearing, and mailed to Lead Counsel Nicholas I. Porritt, Esq., Levi & Korsinsky
25 LLP, 1101 30th Street, N.W., Suite 115, Washington, DC 20007, and Defendants'
26 Counsel Koji Fukumura, Cooley LLP, 4401 Eastgate Mall, San Diego, CA 92121,
27 and (b) filed said objections and supporting papers with the Clerk of the United
28

7
Order Granting Preliminary Approval
Case No. 3:17-cv-00182-BTM-RBB

States District Court, Southern District of California, 333 West Broadway, San Diego, CA 92101.  Any Settlement Class member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  The Court will consider all proper objections even if a Settlement Class member does not attend the Final Approval Hearing.  However, Persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objections their intention to appear at the Final Approval Hearing and identify any witnesses they intend to call or evidence they intend to introduce.

17. Pending final determination of whether the Settlement should be approved, Lead Counsel, Plaintiffs, and the Settlement Class members, either directly, representatively, or in any other capacity, are barred from commencing or prosecuting any action asserting any Released Claims against any Released Defendant Parties.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. All papers in support of the Settlement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served on or before thirty-five (35) days prior to the Final Approval Hearing.

20. The Settling Parties may respond to any objection to the Stipulation, the Plan of Allocation, or the Fee and Expense Application, provided that such

response is filed and served no later than seven (7) days prior to the Final Approval Hearing.

21.   At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application shall be approved.  The Court retains sole discretion as to the amount of attorneys' fees and expenses to award.  The Court will independently examine the Fee and Expense Application and only award those fees and expenses that are reasonable under the circumstances and applicable law.

22.   All reasonable expenses incurred in identifying and notifying Settlement Class members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund.

23.   The Released Defendant Parties, their counsel, and their insurers shall have no responsibility for, or liability with respect to, the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

24.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

25. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.  If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  Each party shall be restored to his, her, or its respective position as it existed immediately prior to the execution of the Stipulation.

**IT IS SO ORDERED.**

DATED: May 27, 2020

THE HONORABLE BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE