# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IN RE REGULUS THERAPEUTICS, INC. SECURITIES LITIGATION

Case No. 3:17-cv-00182-BTM-RBB

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for a hearing on October 21, 2020, on the motion of Plaintiffs for final approval of the Settlement set forth in the Amended Stipulation of Settlement dated February 6, 2020 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class.  The Court also hereby reaffirms its findings and conclusion, set forth in the Preliminary Approval Order, that, for purposes of the Settlement only, this Settlement Class meets the prerequisites for bringing a class action set forth in Federal Rule of Civil Procedure Rule 23(a) and the requirements for maintenance of a class action under Rule 23(b)(3).  The Court hereby makes final its previously conditional certification of the Settlement Class, for purposes of effectuating the Settlement only.

4.      Except as to any individual claim of those Persons (attached hereto as Exhibit A) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice by Plaintiffs and the other Settlement Class members as against the Released Defendant Parties.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      The Court finds that the Stipulation and Settlement contained therein, and the Plan of Allocation are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement contained therein and the Plan of Allocation are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      The Settling Parties expect the Settlement Fund to be fully consumed, but if that does not happen, no portion of the Settlement Fund will revert to Defendants.  If any amounts remain in the Settlement Fund (after payment of all notice and claim administration expenses, necessary taxes and tax expenses,

attorneys' fees and expenses, and eligible claims, including after the upward adjustments of eligible claims), the amount remaining in the Settlement Fund will be distributed pursuant to the *cy pres* doctrine to the Investor Protection Trust with specific directions that such funds be used for investor education, or such other organization as the Court directs.

7. Upon the Effective Date hereof, Plaintiffs, each and every Settlement Class member and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class member any of the Released Claims (or to obtain the proceeds of any recovery therefrom), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such member of the Settlement Class executes and delivers the Proof of Claim and Release, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. The Settling Parties acknowledge, and the Settlement Class members shall be deemed by operation of this Judgment to acknowledge, that the inclusion of Unknown Claims in the definition of Released Claims and the waiver of the provisions, rights, and benefits of Section 1542 of the California Civil Code, were separately bargained for and are key elements of the Settlement of which the release in this paragraph is a material and essential part.

8. Upon the Effective Date, Plaintiffs and all Settlement Class members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum,

or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Defendant Parties; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

9.     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, the Settlement Class members, and Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

10.     The mailing and distribution of the Notice of Proposed Class Action Settlement and publishing of the Summary Notice of Proposed Settlement of Class Action, including the individual notice to all Settlement Class members who could be identified through reasonable effort, was the best notice practicable under the circumstances.    Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23; Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the Due Process clause); and any other applicable law.

11.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding Lead Counsel's Fee and Expense Application shall in no way disturb,

affect, or delay the entry of this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or the Judgment from this action in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times prosecuted and defended the Litigation in good faith and at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants except as provided for in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    The Court hereby dismisses the Litigation and all Released Claims of Plaintiffs and the Settlement Class with prejudice, without costs as to any Settling Party.  There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:  December 29, 2020    _____

HON. BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE

Case No. 3:17-cv-00182-BTM-RBB

Final Judgment

6

## **EXHIBIT A**

1.  Susan Bettinger